IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Chad Edwin Langford,<br><br>    Plaintiff,<br><br>vs.<br><br>Hector Joyner, *Warden of FCI Estill*; FNU LNU, *FCI Estill Assistant Health Services Administrator*; Ms. FNU Chambers; Ms. FNU Boatright; Ms. FNU Lloyd; Mr. FNU Midock; John Doe, *employee of FCI Estill in his individual capacity*; Richard Doe, *employee of FCI Estill in his individual capacity*; Richard Roe, *employee of FCI Estill in his individual capacity*,<br><br>    Defendants. | Civil Action No. 5:21-cv-00811-TMC<br><br>**ORDER** |

Plaintiff Chad Edwin Langford ("Plaintiff"), a federal prisoner, filed this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging that Defendants violated his rights under the Eighth Amendment through their deliberate indifference to Plaintiff's serious medical needs. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On July 6, 2021, Defendants filed a joint motion to dismiss on the grounds that (1) Plaintiff failed to allege that Defendants had sufficient knowledge of Plaintiff's condition; (2) Defendants are entitled to qualified immunity; and (3) at most, Defendants' alleged actions amount to negligence, which is insufficient to constitute a constitutional violation. (ECF No. 9 at 3–17). On August 3, 2021, Plaintiff filed his response in opposition to the motion to dismiss, (ECF No. 13), and Defendants subsequently filed their joint reply, (ECF No. 14).

1

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court deny the Defendants' motion to dismiss. (ECF No. 15). Defendants filed objections to the Report, (ECF No. 16), and Plaintiff filed a reply thereto, (ECF No. 17). For the reasons set forth herein, the court respectfully declines to adopt the magistrate judge's recommendation and, instead, grants Defendants' motion to dismiss.

## BACKGROUND

The magistrate judge accurately sets forth the relevant background and procedural history of this action in the Report. *See* (ECF No. 15 at 1–3). Briefly, Plaintiff is currently housed at Federal Correctional Institution ("FCI") Oxford in Wisconsin, but during the relevant time at issue he was housed in FCI Estill in South Carolina. (ECF No. 1 at 2). Plaintiff alleges that on March 20, 2018, he was transferred from FCI Estill to the emergency room at Hampton Reginal Medical Center ("HRMC") for abdominal pain, nausea, and vomiting. *Id*. His medical examination and testing was determined to be "unremarkable" by the HRMC medical staff, and Plaintiff was returned to FCI Estill. *Id*. at 2–3. Over the course of the next week, Plaintiff's condition worsened, during which time Plaintiff "continually brought to the attention of the Defendants . . . that his condition was worsening, that he was suffering acute and excruciating pain[,] and feared he was dying." *Id*. at 3. Plaintiff also "repeatedly asked to be and was brought to FCI Estill medical offices requesting treatment, and at each such time . . . though he remained in the . . . waiting area for as long as he was allowed to do so, [Plaintiff] was refused treatment or even an examination of his physical condition, although his worsening medical condition was obvious from his physical appearance." *Id*. On March 28, 2018, Plaintiff was in the medical offices waiting area when a substitute physician noticed Plaintiff's condition, examined him, and ultimately had him transferred to HRMC for emergency surgery. *Id*. at 4. Plaintiff was diagnosed with acute

abdominal catastrophe with sepsis and peritonitis caused by multiple intra-abdominal abscesses due to a small bowel obstruction with multiple small bowel perforations.  *Id*. at 1–2.

Plaintiff filed this action, with assistance of counsel, on March 19, 2021, asserting a single claim against Defendants for cruel and unusual punishment in violation of the Eighth Amendment based on their alleged deliberate indifference to Plaintiff's serious medical needs.  *See id*.  For relief, Plaintiff seeks monetary damages and any other relief the court deems just and proper.  *Id*. at 5.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).  "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726

(D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted)." *Id*. Rule 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard requires that a complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id.* The

plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." *Id.* Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). Such "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—"'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

In her Report, the magistrate judge recommends that the court deny Defendants' motion to dismiss. (ECF No. 15 at 9). The magistrate judge first set forth the proper pleading standards under Rule 8 and noted that in order to state a plausible claim for deliberate indifference "a prisoner must demonstrate that a sufficiently serious deprivation occurred resulting 'in the denial of the minimal civilized measure of life's necessities,' and that the prison employee had a sufficiently culpable state of mind." *Id.* at 6 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The magistrate judge further recognized that, pursuant to Fourth Circuit precedent, when bringing a deliberate indifference claim against non-medical personnel, "an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct." *Id.* at 7 (citing *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837).

Applying these standards to Plaintiff's Complaint, the magistrate judge correctly found that "Plaintiff has indeed made broad allegations against Defendants in a collective fashion." *Id*. Nevertheless, the magistrate judge concluded that the Complaint "contains facts that, if true, demonstrate Defendants knew of and disregarded Plaintiff's serious medical needs[,]" relying specifically on the following allegations:

> From the time of his return to FCI Estill on March 20, 2018, until his admission to HRMC on March 28, 2018 for emergency surgery, [Plaintiff] continually brought to the attention of the Defendants . . . that his condition was worsening, that he was suffering acute and excruciating pain and feared he was dying. Further, Plaintiff alleges that Defendants refused to provide him medical treatment on several occasions.

*Id*. (quoting ECF No. 1 at 3–4) (internal citations omitted). Thus, the magistrate judge concluded that, "[t]hough the allegations group the Defendants, Plaintiff has at least alleged that FCI Estill officials were personally involved with a denial of his medical treatment." *Id*. Based on this conclusion, the magistrate judge further found that the Complaint sets forth a plausible claim for the violation of Plaintiff's constitutional rights such that Defendants' qualified immunity defense is unavailing at this stage. *Id*. at 9. Accordingly, the Report recommends that Defendants' motion to dismiss be denied. *Id*.

Although Defendants filed objections to the Report, they merely restate the same arguments set forth in their motion to dismiss. *Compare* (ECF No. 16), *with* (ECF No. 9). However, restating arguments previously submitted to the court does not constitute a specific objection to the magistrate judge's Report. *See Frazier v. Wal-Mart*, CA No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012). Accordingly, the court need only review the Report for clear error. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

6

In this case, the court does find clear error in the Report's conclusion that Plaintiff sufficiently alleged Defendants were aware of Plaintiff's condition or personally involved in the denial of medical treatment. *See* (ECF No. 15 at 7). As an initial matter, the Complaint is completely silent as to who Defendants are, what positions they held at FCI Estill, or in what capacity they interacted with Plaintiff or were responsible for the alleged violations. *See* (ECF No. 1). Such general, broad, non-specific allegations are wholly insufficient to satisfy Rule 8's pleading requirements. *See, e.g.*, *Little v. Brown & Williamson Tobacco Corp.*, No. 2:98-1879-23, 1999 WL 33591436, at *1 (D.S.C. Oct. 4, 1999) ("'Vague and conclusory' allegations are insufficient to satisfy the notice pleading requirements of Rule 8(a)(2)." (citing *Simpson v. Welch*, 900 F.2d 33, 35 (4th Cir. 1990))). Moreover, because Plaintiff is represented by counsel, the court need not liberally construe Plaintiff's Complaint as it must for *pro se* parties. As Defendants noted in their motion to dismiss, in order to state a plausible *Bivens* claim, "'[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution[,]'" and, therefore, "must articulate the acts committed by each defendant that violate[d] his constitutional rights." (ECF No. 9 at 5 (quoting *Iqbal*, 556 U.S. at 676)). Thus, because the Complaint fails to specifically identify any of the defendants' positions within the prison, their interactions with Plaintiff, or their involvement in the alleged constitutional violations, the court cannot find that Plaintiff has set forth a plausible claim for relief under *Bivens* as to any of the Defendants.

Furthermore, taking into consideration the information provided in Defendant's motion to dismiss, it is clear that Plaintiff asserts his deliberate indifference claim against both medical and non-medical prison personnel. *See* (ECF No. 9 at 2 (identifying Defendants Joyner, Boatright, and Midock as non-medical personnel and Defendants Chambers and Lloyd as nurses)). With respect

7

to medical indifference claims brought against non-medical personnel, the Supreme Court has established the following standard:

> We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837–38.  In other words, a non-medical prison official's mere awareness of an inmate's condition alone cannot support a claim for deliberate indifference.  As noted above, Plaintiff makes no specific allegations against any particular Defendants in his Complaint; nevertheless, viewing the Complaint in the light most favorable to Plaintiff, the only allegation that could possibly relate to the non-medical defendants asserts that "[f]rom the time of his return to FCI Estill on March 20, 2018, until his admission to HRMC on March 28, 2018 . . . [Plaintiff] repeatedly asked to be *and was brought to* FCI Estill medical offices requesting treatment[.]" (ECF No. 1 at 3).  Thus, while the Complaint implies that the non-medical defendants were aware of his condition based on Plaintiff's requests for medical treatment, Plaintiff appears to concede that these same defendants did in fact attempt to alleviate Plaintiff's suffering by taking him to the medical offices for treatment as he requested.  Therefore, Plaintiff's allegations simply cannot state a claim for relief against the non-medical defendants.

Accordingly, having thoroughly reviewed the record in this case, the court finds that the Complaint fails to satisfy the pleading requirements of Rule 8 and, as such, the allegations set forth therein are wholly insufficient to state a plausible *Bivens* claim against any of the Defendants.

Therefore, the court declines to adopt the magistrate judge's Report (ECF No. 15), and instead **GRANTS** Defendants' motion for dismiss (ECF No. 9).

      **IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 18, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.